James P. Frantz, Esq., SBN 87492
William P. Harris III, Esq., SBN 123575
George T. Stiefel, Esq. SBN 297611
**FRANTZ LAW GROUP, APLC**
402 West Broadway, Suite 860
San Diego, CA 92101
jpf@frantzlawgroup.com
wharris@frantzlawgroup.com
gstiefel@frantzlawgroup.com
Telephone: (619) 233-5945
Facsimile: (619) 525-7672

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WENDY CHOWNING and LOURDES CASAS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation; KOHL'S CORPORATION; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. **'15CV1624 JAH WVG** <br><br> **CLASS ACTION COMPLAINT FOR:** <br> 1. **VIOLATIONS OF FALSE ADVERTISING LAW** <br> 2. **VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT** <br> 3. **UNFAIR COMPETITION** <br><br> **JURY TRIAL DEMANDED** |

1

COMPLAINT                                                    Case No.

1    Plaintiffs Wendy Chowning and Lourdes Casas, by their attorneys,

2  individually and on behalf of themselves and others similarly situated, allege upon

3  personal knowledge as to themselves and their acts stated herein and, as to all other

4  matters, upon information and belief as follows:

5                    **SUMMARY AND PRELIMINARY STATEMENT**

6    1. Plaintiffs WENDY CHOWNING and LOURDES CASAS, individually and

7  on behalf of others similarly situated, bring this action against KOHL'S

8  DEPARTMENT STORES, INC. and KOHL'S CORPORATION (collectively,

9  "KOHL'S" or "Defendants"), for unlawful, misleading and false advertising

10 practices. KOHL'S, at a time it was aware of the psychological and emotional

11 impacts of a "sale" or marked-down price has on consumers, utilized misleading,

12 deceptive and false advertisements in, among other communications, print

13 advertisements, internet marketing and sales, and in-store advertisements which

14 claimed significant and substantial sales and discounts based upon alleged – but

15 fictitious – "original," "regular," or former prices of the products it advertised (the

16 "price-comparison advertising scheme"). KOHL'S controlled the price of its

17 private and exclusive label products, such as Sonoma Life + Style, Apt. 9, Croft &

18 Barrow, Daisy Fuentes, Elle, MUDD, Jennifer Lopez, and Simply Vera Vera

19 Wang. The advertisements of these and other products induced Plaintiffs to make

20 purchases that they otherwise would not have made. Plaintiffs were misled as to

21 the value of the products they received, in direct violation of California law.

22   2. California's Fair Advertising Law (Business and Professions Code section

23 17501) provides that "[n]o price shall be advertised as a former price of any

24 advertised thing, unless the alleged former price was the prevailing market price

25 . . . within three months next immediately preceding the publication of the

26 advertisement or unless the date when the alleged former price did prevail is

27 clearly, exactly and conspicuously stated in the advertisement."

28   3. The California Consumer Legal Remedies Act (California Civil Code,

2

section 1780, subdivision (a)) further prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

4. California Business and Professions Code section 17200 prohibits any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any violation of the Fair Advertising Law.

5. As alleged herein, Plaintiffs and members of the proposed Class (as defined below) were exposed to Defendants' advertising under the price-comparison advertising scheme and, as a result of the misleading, false and/or fraudulent advertising, Plaintiffs and others purchased private and/or exclusive branded items from KOHL'S that they would not have purchased absent KOHL'S advertisements.  As a result, Plaintiffs and members of the proposed Class (as defined below) received items of lesser value and quality than they expected and KOHL'S unlawfully, inequitable, and otherwise improperly was thereby unjustly enriched and benefited.

## PARTIES

6. Plaintiff WENDY CHOWNING is and was, at all relevant times herein, a natural person and a resident of City of Vista, County of San Diego, State of California.

7. Plaintiff LOURDES CASAS is and was, at all relevant times herein, a natural person and a resident of City of Chula Vista, County of San Diego, State of California.

8. Defendant KOHL'S DEPARTMENT STORES, INC. is and was, at all relevant times herein, a Delaware Corporation with its headquarters/principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, State of Wisconsin.  Plaintiffs are informed and believe and thereon allege that Defendant is licensed to do business and is doing business in the State of California.

9. Defendant KOHL'S CORPORATION is and was, at all relevant times herein, a Wisconsin Corporation with its headquarters/principal place of business

3

located at N56 W17000 Ridgewood Drive, Menomonee Falls, State of Wisconsin. Plaintiffs are informed and believe and thereon allege that Defendant is licensed to do business and is doing business in the State of California.

10.     At all relevant times herein mentioned, Defendants and Defendants DOES 1 through 20, and each of them, were an agent or joint venturer of each of the other Defendants and DOES 1 through 20, and in doing the acts alleged herein, were acting within the course and scope of such relationship.  Each Defendant and DOES 1 through 20 had actual and/or constructive knowledge of the acts of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts.

11.     Defendants and DOES 1 through 20, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs and the Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants and DOES 1 through 20 acted with an awareness of the wrongdoing and realized that the conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

12.     Plaintiffs are unaware of the true names and capacities of the defendants sued herein as DOES 1 through 20 and therefore sues these defendants by such fictitious names.  Plaintiffs allege on information and belief that at all relevant times each of the DOE defendants was responsible, in some manner, for the acts, omissions,  and occurrences herein alleged and Plaintiffs' damages were proximately caused thereby.  Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE defendants after they have been ascertained.

13.     Plaintiffs are informed and believe and thereupon allege that at all relevant times herein, each defendant was the agent, employee, representative,

4

partner, parent company, subsidiary or affiliate of the other defendants and was acting, or acted for, within the authority of such agency, employment, representation, partnership, or affiliation while doing or omitting to do the acts alleged herein and with the permission, approval, consent, and/or ratification of all other defendants.  The allegations against each named defendant incorporate by reference the allegations against each DOE defendant.

14.      There exists, and at all times herein mentioned existed, a unity of interest and ownership between all of the defendants, including any individual, partnership and/or corporate defendants, and their principals, including all DOE defendants, such that all individuality and separation ceased and defendants became the alter egos of the other defendants and their principals.  Whenever in this complaint a reference is made to any act or omission of a particular defendant, such allegation shall be deemed to mean that said defendant, and its officers, directors, agents, representatives, and employees did authorize such act while actively engaged in the management, direction or control of that defendant, and while acting within the course and scope of their employment or agency.

## JURISDICTION AND VENUE

15.      Plaintiffs and/or other putative class members have different citizenship from Defendants.

16.      The aggregate amount of damages incurred by Plaintiffs and the Class (as defined below) exceeds $5,000,0000.

17.       Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. section 1332, subdivision (d).

18.      As set forth herein, each Defendant has sufficient contact and presence within the State of California to confer this Court with personal jurisdiction over each defendant.

19.      Venue is proper in this Court under 28 U.S.C. section 1391 because Defendants transact business in this judicial district in the County of San Diego,

5

State of California, and the claims of Plaintiffs and other putative class members arose in this judicial district. Plaintiffs WENDY CHOWNING and LOURDES CASAS reside in this judicial district, viewed Defendants' false and misleading advertisements in this judicial district, and purchased items in reliance upon said advertisements at Defendants' stores situated in this judicial district.

## GENERAL ALLEGATIONS

20.     KOHL'S owns, operates, licenses and otherwise controls over 100 retail stores in the State of California selling, among other consumer goods, clothing, footwear, home products, and accessories.

21.     The majority of KOHL'S sales have historically derived from KOHL'S exclusive and private label products. These products are sold solely at the stores owned, operated, licensed or otherwise controlled by KOHL'S and bearing the KOHL'S name. As such, KOHL'S defines, sets, and controls all prices for these products.

22.     KOHL'S private and exclusive brand products include Sonoma Life + Style, Apt. 9, Croft & Barrow, Daisy Fuentes, Elle, MUDD, Jennifer Lopez, and Simply Vera Vera Wang.

23.     KOHL'S routinely advertises (in its stores, on-line, and in print advertisements) that its exclusive and private label products are on sale at significantly marked-down or sales prices as compared to KOHL'S advertised "regular" or "original" price.

24.     Upon information and belief, the purported sales are fictitious and inflated as the "regular" or "original" prices do not reflect a price at which the products are routinely, or in some cases ever, offered for sale at KOHL'S. Furthermore, said prices do not represent the prevailing market price during the three months preceding the publication of the advertisement.

25.     KOHL'S knew or should have known that said advertisements conveyed false information to consumers, including Plaintiffs, about the goods.

Plaintiffs were led to believe that the products had a higher value and were sold at substantially higher prices at KOHL'S stores in the past and/or in the prevailing market.   KOHL'S therefore intentionally and/or negligently concealed and/or failed to disclose information concerning the prevailing market prices for said products in the 90 day period prior to the advertisements.   In publishing, displaying, and otherwise communicating and disseminating the alleged "regular" or "original" prices and the advertised "sale" prices and in concealing the true data, KOHL'S intended to induce Plaintiffs and members of the Class to purchase its private and exclusive brand products.

26.     At all relevant times herein, KOHL'S was aware that consumers are motivated by information concerning a product's worth and the prestige that ownership of that product conveys.   KOHL'S further knew that, as discount size increases, consumers' perceptions of value and their willingness to buy the product increases, while their intention to search for a lower price decreases.   Accordingly, information concerning a product's "normal" or "regular" price is a material term which impacted Plaintiffs, acting as reasonably prudent consumers, in making decisions as to whether to purchase particular items advertised and sold by KOHL'S.

27.     Plaintiffs and members of the Class saw and/or were informed of KOHL'S advertised "sales" based on the alleged "regular" or "original" prices of KOHL'S exclusive and private brand products under the price-comparison advertising scheme.

28.     Relying upon KOHL'S price-comparison advertising scheme, Plaintiffs purchased certain KOHL'S private and exclusive brand products. Plaintiffs were acting as reasonably prudent consumers and justifiably relied upon the price-comparison advertising scheme to make purchases.

29.     In making said purchases, Plaintiffs were misled as to the value of the products that they purchased, and Plaintiffs relied upon the advertising in deciding

to make said purchases.  Plaintiffs would not have purchased the items in the absence of KOHL'S price-comparison advertising scheme.  Alternatively, if KOHL'S had offered a truthful discount off of the actual prevailing market price of its private and exclusive branded products, Plaintiffs would have paid less than they did pay to purchase the items that they purchased from KOHL'S.  As a result, Plaintiffs lost money or property.

30.     Plaintiffs are informed and believe, and thereupon allege, that KOHL'S practices are wide-spread over the course of many years and hundreds of thousands of consumers have been injured in the State of California.

31.     For example, on or about September 13, 2014, Plaintiff WENDY CHOWNING shopped at a KOHL'S store located in Oceanside, California. Plaintiff purchased a Jennifer Lopez (a KOHL'S exclusive brand) Dress advertised with a price of $70.00.  The dress was claimed to be "on sale" for $21.00 – an alleged 70% discount.  In making her decision to purchase said item, Plaintiff relied upon and was motivated by KOHL'S advertisements, statements and omissions concerning the value of the Jennifer Lopez product and would not have made said purchase absent the advertisements.  Plaintiff WENDY CHOWNING is informed and believes and thereupon alleges that the alleged markdown was untrue, misleading, and false.  Plaintiff is further informed and believes that the prevailing retail price for Jennifer Lopez dress during the three months immediately prior to KOHL'S advertisement of such item was materially lower than $70.00 as advertised. As a result, Plaintiff WENDY CHOWNING lost her money or property and KOHL'S received ill-gotten gains.

32.     On or about November 21, 2014, Plaintiff WENDY CHOWNING shopped at a KOHL'S store located in Oceanside, California. Plaintiff purchased a Sonoma Life+Style (a KOHL'S private label brand) Robe advertised with an advertised former price of $46.00 for said Robe.  The Sonoma Robe was purportedly "on sale" for $26.99 – an approximately 40% discount from the

8

alleged former price.   In making her decision to purchase said item, Plaintiff relied upon and was motivated by KOHL'S advertisements, statements and omissions concerning the value of the robe and would not have made said purchase absent the advertisements.  Plaintiff WENDY CHOWNING is informed and believes and thereupon alleges that the alleged markdown was untrue, misleading, and false. Plaintiff is further informed and believes that the prevailing retail price for Sonoma Robe during the three months immediately prior to KOHL'S advertisement of such item was materially lower than $46.00 as advertised. As a result, Plaintiff WENDY CHOWNING lost her money or property and KOHL'S received ill-gotten gains.

33.     On or about June 3, 2015, Plaintiff LOURDES CASAS shopped at a KOHL'S store located in Chula Vista, California.  Plaintiff purchased an Apt. 9 Men's shirt with an advertised former price of $46.00.  The Apt. 9 shirt was "on sale" for $18.40 – an approximately 60% discount from the alleged former price. In making her decision to purchase said item, Plaintiff LOURDES CASAS relied upon and was motivated by KOHL'S advertisements, statements and omissions concerning the value of the shirt and would not have made said purchase absent the advertisements.  Plaintiff LOURDES CASAS is informed and believes and thereupon alleges that the alleged markdown was untrue, misleading, and false. Plaintiff is further informed and believes that the prevailing retail price for Apt. 9 shirt during the three months immediately prior to KOHL'S advertisement of such item was materially lower than $46.00 as advertised. As a result, Plaintiff lost her money or property and KOHL'S received ill-gotten gains.

34.     Plaintiffs are informed and believe that similar acts of misleading, untrue, false and deceptive advertising were committed by KOHL'S with respect to Plaintiffs' and Class members' purchases at KOHL'S throughout the years. Plaintiffs will seek leave to amend to allege further and additional false and misleading advertisements that induced purchases.

///

9

35.     Plaintiffs assert that Defendants continue to employ unfair, deceptive, false, misleading, and untrue advertising practices as alleged herein.  Plaintiffs, and on behalf of the putative class, seeks all damages, restitution, injunctive relief, costs, attorneys' fees, and any other relief the court deems proper.  The action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons by enjoining and/or discouraging acts the California legislature has specifically prohibited.  Private enforcement is necessary and places a disproportionate burden on Plaintiffs in relation to Plaintiffs' stake in the matter.

## CLASS DEFINITION

36.     The class is defined as follows:

"All persons who, while in the state of California and between July 21, 2011 and the present, purchased from Kohl's one or more private or exclusive branded item advertised at a discount of 30% or more from a stated "original" or "regular" price and who have not received a refund or credit for their purchase(s)."

37.     Plaintiffs reserve the right to amend this class definition, including the addition of any subclasses, at any time based upon further investigation and discovery.

## CLASS ALLEGATIONS

38.     The members of the Class identified above are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiffs at this time, the individual identities of the individual members of the Class are ascertainable through Defendants' records or by public notice.

39.     There is a well-defined community of interest in the questions of fact and law involved affecting the members of the Class.  The questions of law and fact common to the members of the Class predominate over questions affecting

COMPLAINT                                                    Case No.

only individual class members, and include, but are not limited to, the following:

    a.  Whether KOHL'S price-comparison advertising scheme regarding its private and exclusive branded products was misleading under the Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act;

    b.  Whether KOHL'S made false or misleading statements in its advertising;

    c.  Whether KOHL'S advertisements were likely to deceive a reasonable consumer;

    d.  Whether KOHL'S statements regarding its pricing were material to Plaintiffs' and consumers' purchasing decisions;

    e.  Whether the regular price equaled the prevailing market price for the preceding 90 days in KOHL'S price-comparison advertising scheme;

    f.  Whether KOHL'S had a bona-fide intent of selling a reasonable quantity of its private and exclusive branded items at the regular price;

    g.  Whether Plaintiffs and putative Class members have suffered damages as a result of KOHL'S conduct;

    h.  Whether the members of the Class are entitled to restitution and the amount thereof;

    i.  Whether the members of the Class are entitled to injunctive relief;

    j.  Whether the members of the Class are entitled to prejudgment and post judgment interest; and

    k.  Whether the members of the Class are entitled to an award of reasonable attorneys' fees and costs.

40.    Plaintiffs' claims are typical of the claims of the other members of the Class which all arise from the same operative facts involving KOHL'S false price-

1   comparison advertising scheme and are entitled to compensatory damages and

2   restitution of the same character.

3       41.     Plaintiffs will fairly and adequately protect the interests of the Class

4   and have no known conflicts of interest.  Plaintiffs have retained counsel

5   experienced in handling consumer class actions under the California Business and

6   Professions Code.

7       42.     Prosecution of separate actions by individual members of the Class

8   would create a risk of inconsistent or varying adjudications with respect to

9   individual class members and would lead to repetitious trials of the numerous

10  common questions of fact and law in the State of California; and could lead to the

11  establish of incompatible standards of conduct for Defendants.  Such individual

12  adjudications would be, as a practical matter, dispositive of the interests of, or

13  would substantially impair or impede the interests of, the other class members.

14  Plaintiffs are not aware of any difficulty that would be encountered in the

15  management of this litigation that would preclude its maintenance as a class action.

16      43.     Defendants have acted or have refused to act on grounds that

17  generally apply to the Class and final injunctive relief is appropriate as to the Class

18  as a whole.  Specifically, Defendants have advertised misleading and untrue

19  "regular" or "original" prices of their private and exclusive brand items without

20  complying with California law, and injunctive relief is necessary to avoid ongoing

21  violations in the future.

22      44.     The common questions of law and fact predominate over any

23  questions affecting only individual members.  Furthermore, a class action is a

24  superior method for fair and efficient adjudication of this controversy.  Class-wide

25  damages are essential to induce Defendants to comply with applicable law.  The

26  interest of class members in individually controlling the prosecution of separate

27  claims against Defendants is small relative to the cost of maintaining an action.

28  ///

COMPLAINT                                                    Case No.

45.     Proper and sufficient notice of this action may be provided to the Class members through methods best designed to provide adequate notice, including potentially a combination of electronic mail and/or postal mail, internet web site, and/or publication.

46.     Furthermore, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class.  Absent certification of this action as a class action, Plaintiffs and the members of the class will continue to be damaged, thereby allowing Defendants to retain the proceeds of their ill-gotten gain.

47.     Plaintiffs request certification of the Class combining the elements of monetary damages and equitable relief.

48.     Plaintiffs allege that, as a direct result of Plaintiffs bringing the allegations herein to Defendants' attention, Plaintiffs have or will make substantial and important changes to Defendants' advertising practices.  Thus, Plaintiffs have or will enforce an important public right affecting the public interest, conferring a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons.  Plaintiffs further allege that private enforcement of the laws-in-question is both necessary and financially burdensome for Plaintiffs.

## FIRST CAUSE OF ACTION

**Violations of False Advertising Law (California Business and Professions Code Section 17500 et seq.)**

**(Against KOHL'S DEPARTMENT STORES, INC., KOHL'S CORPORATION, and DOES 1 through 20)**

49.     Plaintiffs incorporate and realleges each and every preceding paragraph as though fully set forth herein.

50.     The California False Advertising Law (FAL) prohibits unfair,

13

deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value and former price. It is further unlawful for any person to make or disseminate an advertisement which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. (California Business and Professions Code Section 17500.) Section 17501 of the FAL specifically prohibits false and misleading former price advertisement: "No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement." Under the FAL, the value of an advertised product is the prevailing market price at the time of publication of such advertisement in the locality wherein the advertisement is published (Section 17501.)

51.     As alleged herein, KOHL'S price-comparison advertising scheme violates the FAL. KOHL'S private and exclusive branded products were advertised with "regular" or "original" prices that were not the prevailing market prices within the three months immediately preceding the publication. The actual prevailing market price was materially less than the advertised price of the products. KOHL'S deceived consumers, including Plaintiff, by leading them to believe that the products were of a higher value and quality than each product's actual value and quality.

52.     KOHL'S has unlawfully and/or inequitable received the money and property of Plaintiffs and members of the Class, and continues to improperly obtain money from the general public. Plaintiffs and members of the Class demand that KOHL'S restore said money and property to Plaintiffs and all Class members. Based on the foregoing, Plaintiffs and members of the Class are entitled to, and below herein do pray for restitution and disgorgement of KOHL'S ill-

gotten gains.

53.      In addition, Plaintiffs and the putative class seek and are entitled to a permanent injunction restraining Defendants from continuing to violate California law through its price-comparison advertising scheme.

54.      Plaintiffs and the Class are entitled to recovery of their attorneys' fees.

## SECOND CAUSE OF ACTION

**Violations of Consumer Legal Remedies Act (California Civil Code Section 1750 et seq.)**

**(Against KOHL'S DEPARTMENT STORES, INC., KOHL'S CORPORATION, and DOES 1 through 20)**

55.      Plaintiffs incorporates and reallege each and every preceding paragraph as though fully set forth herein.

56.      California Civil Code Sections 1750, et seq., known as the Consumer Legal Remedies Act (CLRA), prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions" and "[a]dvertising goods or services with intent not to sell them as advertised."

57.      KOHL'S, in publishing, displaying, communicating, and otherwise disseminating and executing its price-comparison advertising scheme, acted to deceive Plaintiffs and the general public, including members of the Class, as to the amount of the price reductions and/or KOHL'S advertised the prices without intent to sell them as advertised.

58.      Plaintiffs, reasonably and justifiably relying upon KOHL'S statements and omissions, were deceived, mislead and motivated by KOHL'S advertisements.

59.      Plaintiffs and members of the Class were thereby harmed and deprived of money and property as KOHL'S statements and omissions were a substantial factor in inducing Plaintiffs and members of the Class to purchase KOHL'S exclusive and private branded items.

60.      Plaintiffs and all putative Class members are consumers under the Act

who have been injured, as alleged herein, as a result of KOHL'S use and/or employment of advertising practices declared unlawful under the act, as alleged herein, and therefore have standing pursuant to Civil Code section 1780, subdivision (a). Kohl's sale of private and exclusive branded items to Plaintiffs and members of the Class constitute "transactions" of "goods" under Civil Code § 1761 (a), (e).

61.     As described herein, KOHL'S advertised its private and exclusive branded products with the intent not to sell them as advertised in violation of Cal. Civ. Code § 1770(a)(9); and KOHL'S made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions in violation of Cal. Civ. Code § 1770(a)(13).

62.     Plaintiffs relied on Kohl's false representations in deciding to purchase private branded and exclusive branded apparel and accessories, and Plaintiffs would not have purchased such items absent KOHL'S unlawful conduct.

63.     Plaintiffs, through counsel, will submit demands pursuant to Section 1782, subdivision (a) of the CLRA requesting KOHL'S remedy its violations. If KOHL'S fails to comply with the demands within thirty (30) days from the date of the demands, Plaintiffs will seek leave to amend request pursuant to section 1782, subdivision (d), and pursuant to sections 1780 and 1782 of the CLRA, actual damages, attorneys' fees, costs and any other relief the Court deems proper.

64.     Pursuant to California Civil Code § 1780(a)(2), Plaintiffs, on behalf of themselves and the Class, requests that this Court enjoin KOHL'S from continuing to engage in the unlawful and deceptive methods, acts and practices alleged above. Unless KOHL'S is permanently enjoined from continuing to engage in such violations of the CLRA, future consumers will be damaged by its acts and practices in the same way as have Plaintiffs and the members of the proposed Class.

///

COMPLAINT                                                                Case No.

## THIRD CAUSE OF ACTION

**Unfair Competition in Violation of California Business and Professions Code Section 17200 seq.**

**(Against KOHL'S DEPARTMENT STORES, INC., KOHL'S CORPORATION, and DOES 1 through 20)**

65.     Plaintiffs incorporates and reallege each and every preceding paragraph as though fully set forth herein.

66.     In addition to the laws alleged above, the Federal Trade Commission Act prohibits "unfair or deceptive acts of practices in or affecting commerce." (15 U.S.C. § 45(a)(1)) and false advertising (15 U.S.C. § 52(a)).  Regulations thereunder by the Federal Trade Commission with respect to "former price comparisons" proscribe "artificial price[s], inflated price[s] . . . for the purpose of enabling the subsequent offer of a large reduction" as "the 'bargain' being advertised is a false one; the purchaser is not receiving the unusual value he [or she] expects." (16 C.F.R. § 233.1(a).)

67.     By committing the acts, omissions, practices and wrongs alleged herein, KOHL'S engaged in unfair competition and said conduct and wrongs constitute unlawful, unfair and/or fraudulent business acts or practices and unfair, deceptive, untrue and/or misleading advertising within the meaning of the Unfair Competition Law (UCL) in California Business and Professions Code section 17200, et seq.

68.     A business act or practice is "unfair" when the utility of the conduct is outweighed by the gravity of the harm to the alleged victims.  KOHL'S price-comparison advertising scheme offends underlying constitutional, statutory and/or regulatory provision and/or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.  KOHL'S falsely represented to Plaintiff, members of the putative class and the general public that consumers are receiving a price discount from a fictitious, misleading, and untrue price.  In doing so,

1       KOHL'S prays upon the consumers' emotions and said practices are likely

2   to cause consumers to falsely believe that KOHL'S offered goods of a higher value

3   than that of what it in fact offered and advertised.  The harm to consumers

4   outweighs the utility, if any, of KOHL'S practices alleged herein.

5       69.   The UCL further proscribes any act or practice, committed pursuant to

6   business activity, that is forbidden by any other law or regulation.  As set forth

7   above, KOHL's price-comparison advertising scheme violates the FLA, CLRA,

8   and federal advertising laws and regulations.

9       70.   A fraudulent business act or practice is one in which members of the

10  public are likely to be deceived. KOHL'S price-comparison advertising scheme

11  regularly contains material misstatements and omissions as to the true regular or

12  original price of items and is likely to deceive consumers concerning the value and

13  quality of the items.  As such KOHL'S acts and practices alleged herein are and

14  were likely to deceive the public, consumers, Plaintiffs and members of the

15  proposed Class.

16      71.   By committing the acts, practices, advertisements, communications

17  and other conduct alleged herein, KOHL'S has employed and continues to employ

18  unfair business practices under the UCL.

19      72.   As a result of KOHL'S acts and practices alleged herein, Plaintiffs

20  and members of the proposed Class were likely to be misled, deceived, and

21  confused as to, among other things, the value and quality of the advertised items as

22  they reasonably and justifiable relied upon KOHL'S representations,

23  communications, and advertisements.  Plaintiffs and members of the proposed

24  Class were thereby induced and justifiably and reasonably purchased items and

25  products from KOHL'S that they otherwise would not have purchased.

26      73.   Pursuant to California Business and Professions Code sections 17200

27  et seq., Plaintiffs and members of the Class request all remedies available,

28  including, but not limited to, disgorgement and restitution of any and all monies

received by KOHL'S as a result of unfair business practices and an accounting to trace the distribution and determine the present disposition of such monies.

74.     As a result of Defendants' conduct, Plaintiffs and members of the Class have suffered an injury in fact by, among other things, each has expended and transferred to KOHL'S money and property that they would not have otherwise expended or transferred to KOHL'S.  KOHL'S has thereby been unjustly and improperly enriched as KOHL'S has benefited and gained by receiving the money and property of Plaintiffs and members of the proposed Class.

75.     Plaintiffs and members of the proposed Class demand and request that KOHL'S restore the money and property to Plaintiffs and members of the proposed Class.

76.     In addition, Plaintiffs and members of the proposed Class seek a court order (1) restraining KOHL'S from engaging in the unfair business practices and/or (2) instructing Defendants to discontinue the unlawful and inequitable price-comparison advertising scheme.  KOHL'S practices impacted Plaintiffs and other consumers to their detriment and KOHL'S conduct has no public utility as compared to lawful advertising.  Defendants' unlawful, unfair, and/or fraudulent business practices, as described above, present a continuing threat to Plaintiffs and members of the Class since Defendants continue to engage in the unlawful and inequitable price-comparison advertising scheme.  Plaintiffs and members of the Class have no other adequate remedy of law in that absent equitable relief from the Court, Defendants are likely to continue to injure residents of California, and thus engendering a multiplicity of judicial proceedings.

77.     Plaintiffs and members of the Class also seek the recovery of attorneys' fees and costs in prosecuting this action against Defendants under Code of Civil Procedure section 1021.5 and other applicable law.

///

///

COMPLAINT                                                    Case No.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and members of the putative Class pray for judgment against all Defendants as follows:

1. For an order that this action be certified as a class action on behalf of the proposed Class and Plaintiffs be appointed as representative of the Class; and

2. For an order and judgment preliminary and permanently enjoining Defendants from employing, utilizing or otherwise publishing false, untrue, and misleading "regular" or "original" prices;

3. For an order compelling Defendants to institute policies and procedures which will educate Defendants' employees as to California advertising laws and assure that such employees follow the law;

4. For such orders or judgments as the Court may consider necessary to prevent the use or employment of Defendants of any practices which violate the FAL, CLRA, and UCL;

5. For restitution  and/or other equitable relief, including disgorgement of ill-gotten gains and unjust enrichment obtained by Defendants;

6. For prejudgment interest;

7. For post-judgment interest;

8. For attorneys' fees and costs of suit pursuant to Code of Civil Procedure Section 1021.5 and any other provision of law;

9. For such other and further relief as the court may deem proper.

Dated: July 21, 2015                                **FRANTZ LAW GROUP, APLC**

James P. Frantz
William P. Harris III
George T. Stiefel III
Attorneys for Plaintiffs

20

COMPLAINT                                                                    Case No.

## DEMAND FOR JURY TRIAL

Plaintiffs and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: July 21, 2015                    **FRANTZ LAW GROUP, APLC**


_____
James P. Frantz
William P. Harris III
George T. Stiefel III
Attorneys for Plaintiffs

COMPLAINT                                                      Case No.